

# THE ATTORNEY GENERAL
# OF TEXAS

December 30, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable John B. Holmes, Jr.  
District Attorney  
201 Fannin, Suite 200  
Houston, Texas 77002

Opinion .No. JM-608

Re: Time allowed for state to file answer in an application for writ of habeas corpus under article 11.07 of the Code of Criminal Procedure

Dear Mr. Holmes:

You ask about the time period in which the district attorney is allowed to file an answer to a petition for writ of habeas corpus under article 11.07 of the Code of Criminal Procedure. You want to know whether it is appropriate for the district clerk's office to calculate the date the state's answer is due from the date of filing with the clerk's office, rather than the date of receipt of a copy of the writ by the district attorney's office.

Section 2(b) of article 11.07 of the Code of Criminal Procedure provides:

> (b) Whenever a petition for writ of habeas corpus is filed after final conviction in a felony case, the clerk shall transfer or assign it to the court in which the conviction being challenged was obtained. When the petition is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law. <u>The clerk of that court shall make appropriate notation thereof, assign to the case a file number (ancillary to that of the conviction being challenged), and send a copy of the petition by certified mail, return receipt requested, to the attorney representing the state in that court, who shall have 15 days in which it may answer the petition.</u> Matters alleged in the petition not admitted by the state are deemed denied. (Emphasis added).

You inform us that the district clerk's office maintains that the state's answer is due 15 days after the date of filing with their

office.  For the following reasons we disagree with the district clerk's construction of the provision.

Although the provisions do not clearly state when the fifteen days begins to run, the provision does provide that "the attorney representing the state . . . shall have 15 days in which it may answer."  Id.  It appears from the words of this statute that the legislature intended that the district attorney would have at least 15 days to review the petition and make the appropriate response if he chose to do so.  See Code Crim. Proc. art. 1.26 (statute should be construed to ascertain legislative intent).

If we were to accept the district clerk's construction of the provision, the district attorney might be without sufficient time to make an adequate response to a writ which is normally written by a prisoner untrained in the law.  The district attorney might receive a notice after 15 days have passed from the date of the filing.  But see 28 U.S.C. 2252 (federal statute requires that notice be given to the state attorney general prior to a hearing).  We do not believe that the legislature could have intended such an inappropriate procedure.

Accordingly, section 2(b) of article 11.07 of the Code of Criminal Procedure requires that the district attorney shall have 15 days to file an answer to a petition for writ of habeas corpus.  The date on which the district attorney receives notice of the filing of the writ rather than the date of the filing in the district clerk's office is the date on which the 15-day answer period begins.

## S U M M A R Y

Section 2(b) of article 11.07 of the Code of Criminal Procedure requires that the district attorney shall have 15 days to file an answer to a petition for writ of habeas corpus.  The date on which the district attorney receives notice of the filing of the writ rather than the date of the filing in the district clerk's office is the date on which the 15-day answer period begins.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General